UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-01710-AGF |
| | ) | |
| PLUSH NIGHTCLUB LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for default judgment. For the following reasons, the motion for default judgment shall be granted in the amount of $9,200.00, plus $2,500.00 in attorney fees and $480.00 in costs.

### BACKGROUND

Plaintiff J & J Sports Productions, Inc. ("J & J"), owned the nationwide television distribution rights to a telecast entitled *Firepower: Manny Pacquiao v. Shane Mosley, WBO World Welterweight Championship Fight Program*, which took place on May 7, 2011. J & J sold the right to publically exhibit this broadcast to various public establishments. The present lawsuit alleges that Envy Ultra Lounge, also known as Plush Ultra Lounge ("Plush") and its owner/operator Jennifer Evans, also known as Jennifer Albritton ("Evans"), illegally intercepted the broadcast and played it to patrons at Plush. J & J asserts claims under 47 U.S.C. § 605 and 47 U.S.C. § 553, and asserts a claim for conversion under Missouri law. The defendants in this matter have been served, and on

1

February 8, 2016, the Clerk of Court entered a default against the defendants because they failed to file an answer or other responsive pleading.

## DISCUSSION

Where default has been entered, the allegations of the complaint are taken as true, and "the defendant has no further standing to contest the merits of the plaintiff's right to recover." *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (citation omitted). It then "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted). However, while factual allegations in the complaint are taken as true, allegations relating to the amount of damages must be proven. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).

J & J's first count alleges a violation of 47 U.S.C. § 605, which prohibits the unauthorized publication or use of communications. It provides for statutory damages of not less than $1,000 but not more than $10,000, to be entered "as the court considers just." *Id.* at § 605(e)(3)(C)(i)(II). Where the violation was committed willfully and for the purpose of commercial gain, the statutory damages may be increased to an amount of not more than $100,000. *Id.* at § 605(e)(3)(C)(ii). Attorney fees and costs may also be recovered under this statute. *Id.* at § 605(e)(3)(B)(iii).

J & J's second count alleges a violation of 47 U.S.C. § 553, which prohibits the unauthorized reception of cable services. It provides for statutory damages of not less than $250 but not more than $10,000. *Id.* at § 553(c)(3)(A)(ii). Where the violation was committed willfully and for the purpose of commercial gain, the statutory damages may be increased to an amount of not more than $50,000. *Id.* at § 553(c)(3)(B). Again, attorney fees and costs may also be recovered under this statute. *Id.* at § 553(c)(2)(C).

Finally, J & J's third count alleges conversion. Under Missouri law, conversion constitutes either "(1) a tortious taking, (2) a use or appropriation by appellant indicating a claim of right in opposition to the owner, or (3) a refusal to give up possession on demand." *Emerick v. Mut. Ben. Life Ins. Co.*, 756 S.W.2d 513, 525 (Mo. 1988).

Taking the allegations of the complaint as true, the Court determines that by intercepting and airing the program in question for monetary gain and without permission from J & J, Plush and Evans are liable under 47 U.S.C. § 605, 47 U.S.C. § 553, and for the tort of conversion. J & J asks this Court for maximum statutory damages in the amount of $110,000 for the violation of 47 U.S.C. § 605 ($10,000 for the violation itself and $100,000 because it was allegedly willful) and $60,000 for the violation of 47 U.S.C. § 553 ($10,000 for the violation itself and $50,000 because it was allegedly willful). J & J also asks the Court for $6,200.00 in compensatory damages for the tort of conversion, which is the amount Plush purportedly would have paid to J & J to broadcast the program legally. Finally, J &J seeks $2,500 in attorney fees and $480 in court costs.

In support of its asserted damages, J & J submitted an affidavit from Joseph M. Gagliardi, president of J & J, wherein he testified that the company has faced rampant

piracy of broadcast content and further, that the company incurred an expense of $605.00 in investigating and documenting the violation giving rise to this lawsuit. Gagliardi also provided testimony regarding the amount that Plush would have paid to obtain the program legally, which he stated was $6,200.00 in light of the occupancy of the establishment (as established by a separate affidavit from an investigator). Attorney Vincent D. Vogler also submitted an affidavit with regard to attorney fees, wherein he testified that he has incurred approximately 10 hours of service to J & J in this matter, and he charges an hourly rate of $250.

As this Court has previously pointed out, "[d]amages awarded pursuant to 47 U.S.C. § 605 or 47 U.S.C. § 553 have varied tremendously in this district." *J & J Sports Prods., Inc. v. Go Go Investments, LLC*, No. 4:12 CV 2231 RWS, 2014 WL 961336, at *1 (E.D. Mo. Mar. 12, 2014). Courts in this district have typically considered, in determining a statutory award, "the amount of the financial gain by the defendant, whether the defendant is alleged to be a repeat violator, and the need to deter future violations." *Id.* (citation omitted).

Here, the Court determines that J & J is entitled to recover the amount that Plush would have paid to broadcast the program, established as $6,200.00, as well as enhanced statutory damages based on Defendants' willful conduct. Thus, the Court will award enhanced statutory damages in the amount of $2,000.00 under 47 U.S.C. § 605 and $1,000 under 47 U.S.C. § 553, as well as $6,200.00 in compensatory damages for the tort of conversion, and costs in the amount of $480.00 under § 605(e)(3)(B)(iii). The Court further finds J & J's request for attorney fees to be reasonable and will award the

4

requested amount of $2,500.00. Thus, J & J will be awarded a total amount of $12,180.00. Post-judgment interest is also awarded at the rate set by federal law.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment is **GRANTED** in the amount of $9,200.00, plus $2,500.00 in attorney fees and $480.00 in costs, plus post-judgment interest at the rate set by federal law.

A separate default judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of May, 2016.